In re:                                                          Case No. 18-01323-HWV
Gregg Stephen Juris                                             Chapter 13
Maryanne Monica Juris
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1        User: LyndseyPr        Page 1 of 2              Date Rcvd: May 14, 2018
                           Form ID: pdf002         Total Noticed: 45

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 16, 2018.
```
db/jdb       +Gregg Stephen Juris,   Maryanne Monica Juris,   806 Arbor Lane,   York, PA 17406-7201
5059118     ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,   PO BOX 183853,   ARLINGTON TX 76096-3853
              (address filed with court: Americredit Financial Services, Inc.,   P.O Box 183853,
              Arlington, TX 76096)
5042679      +Ally Financial, Inc.,   Ally Detriot Center,   500 Woodward Avenue,   Detroit, MI 48226-3423
5042682      +AmeriCredit Financial Services,   801 Cherry Street, Suite 3500,   Fort Worth, TX 76102-6854
5042680      +American Express,   PO Box 297871,   Fort Lauderdale, FL 33329-7871
5050814       American Express National Bank,   c/o Becket and Lee LLP,   PO Box 3001,
              Malvern  PA 19355-0701
5042681      +American Home Warranty,   Attn: Bankruptcy Department,   PO Box 7248,
              Santa Rosa, CA 95407-0248
5042683       Apothaker Scian, PC,   520 Fellowship Road, Suite C306,   PO Box 5496,
              Mount Laurel, NJ 08054-5496
5042684       Asset Recovery Solutions, LLC,   2200 East Devon Avenue, Suite 200,
              Des Plaines, IL 60018-4501
5042687      +Barclays Bank Delaware,   PO Box 8803,   Wilmington, DE 19899-8803
5042688       Capital One Bank USA, NA,   PO Box 30285,   Salt Lake City, UT 84130-0285
5042690      +Chase Card,   PO Box 15298,   Wilmington, DE 19850-5298
5042693       Comenity Bank / PayPal Credit,   Attn: Bankruptcy Department,   PO Box 182125,
              Columbus, OH 43218-2125
5042696       DIRECTV,   PO Box 5007,   Carol Stream, IL 60197-5007
5042700      +Loan Depot,   PO Box 77404,   Ewing, NJ 08628-6404
5042705      +MRS BPO, LLC,   1930 Olney Avenue,   Cherry Hill, NJ 08003-2016
5042701      +Mariner Finance,   8211 Town Center Drive,   Nottingham, MD 21236-5904
5042702       Memorial Hospital,   PO Box 505167,   Saint Louis, MO 63150-5167
5042704       Miller Dipietro Associates,   PO Box 143,   Landisville, PA 17538-0143
5042706       PA Emergency Physicians, PLLC,   PO Box 975213,   Dallas, TX 75397-5213
5042707      +Pennymac Loan Services,   Attn: Bankruptcy Department,   PO Box 514387,
              Los Angeles, CA 90051-4387
5042708       Pinneacle Health Memorial Hospital,   PO Box 829774,   Philadelphia, PA 19182-9774
5042710      +TD Bank USA / Target Card,   PO Box 673,   Minneapolis, MN 55440-0673
5042711      +Terminex,   Attn: Bankruptcy Department,   860 Ridge Lake Boulevard,   Memphis, TN 38120-9421
5042713      +Wells Fargo Card Services,   PO Box 14517,   Des Moines, IA 50306-3517
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr           +E-mail/PDF: acg.acg.ebn@americaninfosource.com May 14 2018 19:16:31
              Capital One Auto Finance, a division of Capital On,   4515 N Santa Fe Ave. Dept. APS,
              Oklahoma City, OK 73118-7901
5042685       E-mail/Text: g20956@att.com May 14 2018 19:19:46   AT&T Mobility,   PO Box 537104,
              Atlanta, GA 30353-7104
5046181       E-mail/Text: ally@ebn.phinsolutions.com May 14 2018 19:19:05   Ally Financial,
              PO Box 130424,   Roseville MN 55113-0004
5042686      +E-mail/Text: bk@avant.com May 14 2018 19:19:47   Avant,   222 North LaSalle Street #1700,
              Chicago, IL 60601-1101
5042689       E-mail/Text: bankruptcy@cavps.com May 14 2018 19:19:38   Cavalry Portfolio Services,
              PO Box 27288,   Tempe, AZ 85285
5044261      +E-mail/PDF: acg.acg.ebn@americaninfosource.com May 14 2018 19:16:12
              Capital One Auto Finance, a division of Capital On,   AIS Portfolio Services, LP,
              4515 N Santa Fe Ave. Dept. APS,   Oklahoma City, OK 73118-7901
5059922      +E-mail/Text: bankruptcy@cavps.com May 14 2018 19:19:38   Cavalry SPV I, LLC,
              500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-1340
5042691       E-mail/Text: DATA@COLLECTIONCENTERIND.COM May 14 2018 19:19:55   Collection Center Industries,
              PO Box 8666,   Lancaster, PA 17604-8666
5042692       E-mail/Text: bnc@bass-associates.com May 14 2018 19:19:56   Collins Asset Group, LLC,
              PO Box 91059,   Austin, TX 78709-1059
5042694      +E-mail/Text: csivels@creditcorpsolutionsinc.com May 14 2018 19:19:55
              Credit Corp Solutions, Inc.,   63 East 11400 South 408,   Sandy, UT 84070-6705
5042695      +E-mail/PDF: creditonebknotifications@resurgent.com May 14 2018 19:21:52   Credit One Bank, LLC,
              PO Box 98875,   Las Vegas, NV 89193-8875
5045105       E-mail/Text: mrdiscen@discover.com May 14 2018 19:19:05   Discover Bank,
              Discover Products Inc.,   PO Box 3025,   New Albany, OH  43054-3025
5042697       E-mail/Text: mrdiscen@discover.com May 14 2018 19:19:05   Discover Financial Services, LLC,
              PO Box 3025,   New Albany, OH 43054-3025
5042698       E-mail/Text: data_processing@fin-rec.com May 14 2018 19:19:18
              Financial Recovery Services, Inc.,   PO Box 385908,   Minneapolis, MN 55438-5908
5050942      +E-mail/Text: bankruptcydpt@mcmcg.com May 14 2018 19:19:29   Midland Funding, LLC,
              Midland Credit Management, Inc.,   as agent for Midland Funding, LLC,   PO Box 2011,
              Warren, MI 48090-2011
5042703      +E-mail/Text: bankruptcydpt@mcmcg.com May 14 2018 19:19:29   Midland Funding, LLC,
              2365 Northside Drive, Suite 30,   San Diego, CA 92108-2709
5042709       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 14 2018 19:16:31
              Portfolio Recovery Associates, LLC,   PO Box 41067,   Norfolk, VA 23541-1067
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5044311          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 14 2018 19:21:50
                 Portfolio Recovery Associates, LLC,     POB 12914,     Norfolk VA 23541
5043092          +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 15 2018 09:08:20
                 PRA Receivables Management, LLC,     PO Box 41021,     Norfolk, VA 23541-1021
5042712          +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com May 14 2018 19:19:03
                 Verizon,     500 Technology Drive, Suite 30,     Weldon Spring, MO 63304-2225
                                                                                            TOTAL: 20


          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*          +PRA Receivables Management, LLC,     PO Box 41021,     Norfolk, VA 23541-1021
5042699      ##+Jeffrey T. Bitzer, Esquire,     1 West Market Street,     York, PA 17401-1253
                                                                           TOTALS: 0, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 16, 2018                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 14, 2018 at the address(es) listed below:
          Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
          James Warmbrodt    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
          Paul Donald Murphy-Ahles    on behalf of Debtor 1 Gregg Stephen Juris pmurphy@dplglaw.com,
            kgreene@dplglaw.com
          Paul Donald Murphy-Ahles    on behalf of Debtor 2 Maryanne Monica Juris pmurphy@dplglaw.com,
            kgreene@dplglaw.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                           TOTAL: 5

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                          CHAPTER 13

GREGG STEPHEN JURIS and                         CASE NO.
MARYANNE MONICA JURIS

                                                _x_ ORIGINAL PLAN
                                                ___ AMENDED PLAN (indicate 1st, 2nd 3rd,
                                                etc.)
                                                ___ number of Motions to Avoid Liens
                                                ___ number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the Plan includes each of the
following items. If an item is checked as "Not Included" or if both boxes are checked or if neither
box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The Plan contains nonstandard provisions, set out in §9, which are not included in the standard Plan as approved by the US Bankruptcy Court for the Middle District of Pennsylvania. | □ Included | x Not Included |
|---|---|---|---|
| 2 | The Plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | □ Included | x Not Included |
| 3 | The Plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G. | □ Included | x Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this Plan, you must file a
timely written objection. This Plan may be confirmed and become binding on you without further
notice or hearing unless a written objection is filed before the deadline stated on the Notice issued
in connection with the filing of the Plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN

### A. Plan Payments from Future Income

1.      To date, the Debtor paid $0.00 (enter $0 if no payments have been made to
        the Trustee to date). Debtor shall pay to the Trustee for the remaining term
        of the Plan the following payments. If applicable, in addition to monthly

Plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $18,000.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 04/2018 | 03/2023 | $300.00 | $0.00 | $300.00 | $18,000.00 |
| | | | | **Total Payments:** | $18,000.00 |

2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payment and the Plan funding. Debtor must pay all post-petition mortgage payments that have come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the Plan.

4. CHECK ONE:
   □ Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*
   X Debtor is over median income. Debtor calculates that a minimum of $17,994.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding from Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $_____.
   (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances is before the deduction of Trustee fees and priority claims.)

   CHECK ONE:
   x No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*
   □ Certain assets will be liquidated as follows: _____

2. In addition to the above specified Plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20___. If the property does

not sell by the date specified, then the disposition of the property shall be as follows: _____

   3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

## 2. SECURED CLAIMS

**A.** <u>**Pre-Confirmation Distributions**</u> *Check One of the Following Lines*

x None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a Proof of Claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial Plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

**B.** <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**</u> *Check One of the Following Lines*

☐ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*

x Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Pennymac Loan Services | 806 Arbor Lane York, PA 17406 | 3778 |
| Pennymac Loan Services | 4760 Fahringer Drive Hellam, PA 17406 | 2593 |
| AmeriCredit Financial Services | 2012 Dodge Challenger | 6864 |
| Ally Financial, Inc. | 2012 Honda Civic | 0907 |

**C.** **Arrears (Including, but not limited to, Claims Secured by Debtor's Principal Residence)** *Check One of the Following Lines*

x None. *If "None" is checked, the rest of §2.C need not be completed or reproduced.*

□ The Trustee shall distribute to each Creditor set forth below the amount of arrearages in the allowed Proof of Claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the Creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

**D.** **Other Secured Claims (Conduit Payments and Claims for Which a §506 Valuation is Not Acceptable, etc.)** *Check One of the Following Lines*

x None. *If "None" is checked, the rest of §2.D need not be completed or reproduced.*

□ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition dated and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the Plan.

2. In addition to payments of the allowed secured claim, present value interest pursuant to 11 U.S.C §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. In an objection is raised, then the Court will determine the present value interest rate and amount at the Confirmation Hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

E. **Secured Claims for Which a §506 Valuation is Applicable** *Check One of the Following Lines*

   x None. *If "None" is checked, the rest of §2.E need not be completed or reproduced.*
   □ Claims listed in the subsection are debts secured by property not described in §2.D of this Plan. These claims will be paid in the Plan according to modified terms, and liens retained until entry of discharge. The excess of the Creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the Plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity or the allowed secured claim for each claim listed below will be determined by the Court at the Confirmation Hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |

F. **Surrender of Collateral** *Check One of the Following Lines*

   x None. *If "None" is checked, the rest of §2.F need not be completed or reproduced.*
   □ The Debtor elects to surrender to each Creditor listed below in the collateral that secures the Creditor's claim. The Debtor requests that upon confirmation

of this Plan, the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

    **G.** **Lien Avoidance** *Do not use for mortgages or for statutory liens, such as tax liens. Check One of the Following Lines*

x None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*

☐ Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

| | | |
|---|---|---|
| The Name of the Holder of the Lien |  |  |
| A Description of the Lien. For a Judicial Lien, include Court and Docket Number. |  |  |
| A Description of the Liened Property |  |  |
| The Value of the Liened Property |  |  |
| The Sum of Senior Liens |  |  |
| The Value of Any Exemption Claimed |  |  |
| The Amount of the Lien |  |  |
| The Amount of Lien Avoided |  |  |

**3. PRIORITY CLAIMS**

    **A.** **Administrative Claims**

       1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

       2. <u>Attorney's Fees</u>. *Complete Only One of the Following Options*
          a. In addition to the retainer of $340.00 already paid by the Debtor, the amount of $3,660.00 in the Plan. This represents the unpaid balance of the presumptively reasonable fee specified in LBR 2016-2(c); or
          b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between Debtor and the Attorney. Payment of such lodestar compensation shall require a

separate fee application with the compensation approved by the Court pursuant to LBR 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check One of the Following Lines*

   x None. *If "None" is checked, the rest of §3.A.3 need not be completed or reproduced.*
   ☐ The following administrative claims will be paid in full:

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**B. <u>Priority Claims (Including, but not limited to, Domestic Support Obligations Other than those Treated in §3.C below)</u>** *Check One of the Following Lines*

   x None. *If "None" is checked, the rest of §3.B need not be completed or reproduced.*
   ☐ Allowed unsecured claims, including domestic support obligations, entitled to priority under §1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

**C. <u>Domestic Support Obligations Assigned To or Owed to a Governmental Unit Under 11 U.S.C. §507(1)(a)(B)</u>** *Check One of the Following Lines*

   x None. *If "None" is checked, the rest of §3.C need not be completed or reproduced.*
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This Plan provision requires that payments in §1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIM**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified** *Check One of the Following Lines*

      x None. *If "None" is checked, the rest of §4.A need not be completed or reproduced.*

      □ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interested at the rate stated below. If no rate is stated, the interest rate set forth in the Proof of Claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining Allowed Unsecured Claims will Receive a Pro-Rata Distribution of Funds Remaining After Payment of Other Classes**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** *Check One of the Following Lines*

      None. *If "None" is checked, the rest of §5 need not be completed or reproduced.*

      x The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the Plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| AmeriCredit Financial Services | 2016 Chevrolet Traverse Lease | $517.00 | Per k | 0.00 | 0.00 | Assume |

6. **VESTING OF PROPERTY OF THE ESTATE**
   **Property of the estate will vest in the Debtor upon:** *Check One of the Following Lines*

      □ Plan Confirmation
      □ Entry of Discharge
      x Closing of Case

7. **DISCHARGE** *Check One of the Following Lines*

x The Debtor will seek a discharge pursuant to §1328(a).
□ The Debtor is not eligible for a discharge because the Debtor has previously received a discharge described in §1328(f).

8. **ORDER OF DISTRUBITION**

If a pre-petition Creditor files a secured, priority or specifically classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the Plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above levels are filled in, the rest of §8 need not be completed or produced.* If the above levels are not filled-in, then the Order of Distribution of Plan payments will be determined by the Trustee using the following as a guide:

Level 1: adequate Protection payments
Level 2: Debtor's attorney's fees
Level 3: Domestic Support Obligations
Level 4: priority claims, pro rata
Level 5: secured claims, pro rata
Level 6: specifically classified unsecured claims
Level 7: timely filed general unsecured claims
Level 8: untimely filed general unsecured claims to which the Debtor has not objected

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the Plan is void. (NOTE: The Plan and any attachment must be filed as one document, not as a Plan and Exhibit.)**

Dated: March 29, 2018

/s/ Paul Murphy-Ahles
Attorney for Debtor

/s/ Gregg Stephen Juris
Debtor

_/s/ Maryanne Monica Juris_
Debtor

By filing this document, the Debtor, if not represented by an Attorney, or the Attorney for Debtor also certifies that this Plan contains no nonstandard provisions other than those set out in §9.